Thomas *v.* McEwen.

---

THOMAS *vs.* McEWEN and others.

Where the complainant, in a judgment creditor's suit, after the filing of his bill became the owner of another judgment against the defendant, and issued an execution thereon which was subsequently returned unsatisfied, and the defendant acquired other property, subsequent to the filing of the original bill, which could not be reached by such execution ; *Held*, that the complainant could file a supplemental bill, not only to have such after acquired property

Thomas v. McEwen.

applied to the payment of the first judgment, but also to have the subsequent judgment satisfied out of the after acquired property, as well as out of the surplus proceeds of the property which the defendant had at the time of filing the first bill, if there should be any such surplus.

*Held also*, that a supplemental bill could be filed, upon the return of the execution upon the second judgment unsatisfied, to obtain satisfaction of that judgment out of the surplus of the property which the defendant had at the time the first bill was filed, without alleging that the defendants had acquired any other property subsequent to that time.

The provisions of the 189th rule of the court of chancery, requiring certain averments to be inserted in a creditor's bill, do not extend to the case of a supplemental bill; where such averments are contained in the original bill.

And, independent of the requirements of the 189th rule of the court of chancery, if it does not appear upon the face of the complainant's bill that the amount of the property in controversy in the suit does not exceed $100, the defendant can neither demur to the bill, nor move to dismiss it upon the ground that the subject matter of the suit is beneath the dignity of the court.

Where the amount in controversy in a suit in chancery does not exceed one hundred dollars, in cases not provided for by the 189th rule, if that fact does not appear upon the face of the bill, the remedy of the defendant is to raise that objection, to the jurisdiction, of the court, either by plea or answer.

And the defendant may insist upon the objection at the hearing, that the amount in controversy is beneath the dignity of the court, where the fact appears either by the pleadings or the proofs, that the value of the amount in controversy does not exceed $100.

Where one execution against the defendant's property has been returned unsatisfied, the issuing of an alias execution will not prevent the filing of a creditor's bill before the return of such alias, unless it appears that the sheriff has levied or can levy on property sufficient to pay the amount due on the complainant's judgment.

THIS was an appeal from a decision of the vice chancellor of the fourth circuit, overruling the demurrers of the defendants to the complainant's supplemental bill in this cause. The complainant filed his original bill in April, 1842, to obtain satisfaction of a judgment recovered by him against McEwen, one of the defendants in this suit, on which judgment an execution had been issued and returned unsatisfied. And the other defendants, Harrison and Day, were made parties to such original suit, to reach a contract for the purchase of land and other property of the judgment debtor, which contract was alleged to have been fraudulently transferred to and held by them. After the filing of such original bill an execution was issued upon another judgment,

recovered by the complainant in the name of another person, but for the benefit of the complainant as the assignee of the debt; which execution was subsequently returned unsatisfied. The complainant thereupon filed his supplemental bill, stating these facts, reciting the substance of the original bill, and also alleging that, subsequent to the filing of the original bill, the defendant McEwen, the judgment debtor, had acquired considerable property; but without stating whether such property was or was not of the value of $100 and upwards. The defendants put in their several demurrers to the supplemental bill; and among other objections to such bill, they insisted that the matters of the supplemental bill had no connection with the original suit; that the bill was to obtain satisfaction of a distinct and independent debt, and did not contain the averments required by the 189th rule of the court; that it was multifarious; and that it appeared from such bill that alias executions had been issued upon the judgments, but had not been returned.

*A. P. Man,* for the appellants. The supplemental bill is improperly filed. All the facts stated therein were known, or might have been known, before closing the proofs; and most of them before filing the replication. The supplemental bill is defective in the essential particulars required in a creditor's bill by the 189th rule of this court. It omits the averment of "no collusion" as to the second judgment. The sum equitably due on the original judgment is not averred. There is no averment that the complainant is unable to reach the newly discovered property by execution. It is also defective in the particulars required as a bill at common law. It states no incumbrance on the newly acquired property; nor any execution creating a lien on incumbered property. The facts stated in the supplemental bill make a new and different case, and would form a proper subject of an original bill, and are not proper for a supplemental bill.

*M. Hoffman,* for the respondent. The demurrer being to the whole supplemental bill, must be overruled if the bill is good

for any part. (*Story's Eq. Pl.* 350. *Higinbothum* v. *Burnet,* 5 *John. Ch.* 186. *Verplanck* v. *Caines,* 1 *Id.* 37. *Livingston* v. *Livingston,* 4 *id.* 294. *Kuypers* v. *The Reformed Dutch Church,* 6 *Paige,* 391.) The supplemental bill is good as to all its parts and objects, and in particular as to the following; to obtain the same relief upon the second judgment, (mentioned in the supplemental bill,) that the complainant was entitled to, on the first judgment. The remedy at law on this judgment not having been exhausted at the time of filing the original bill, a supplemental bill was proper. (*Mitford's Pl.* 99, *note* (1). *Cundler* v. *Petit,* 1 *Paige,* 168. *Stafford* v. *Howlit, Id.* 200. *McElwain* v. *Willis,* 3 *Id.* 505.) The issuing the alias fi. fa. on the first judgment was a material fact to show that the complainant had a specific lien on that part of the mortgaged property which remained in the possession of the judgment debtor; and the suit not being in a state to allow of an amendment, the supplemental bill was properly filed to show that fact. (*Mitf. Pl.* 269. *Stafford* v. *Howlit,* 1 *Paige,* 200. 6 *Id.* 273.) The supplemental bill was also properly filed to reach the acquisitions of the judgment debtor subsequent to the filing of the original bill, and it was not necessary that the matter in dispute on the supplemental bill should amount to $100, or that the averments required by the 189th rule, (being inserted in the original bill,) should be repeated in the supplemental bill, it being in the nature of an amendment, and the two comprising but one suit. (2 *R. S.* 102, § 40. *McElwain* v. *Willis,* 3 *Paige,* 505. *Cooper's Eq. Pl.* 44. 2 *Paige,* 333.)

THE CHANCELLOR. The cases of *Cuyler* v. *Moreland,* (6 *Paige's Rep.* 273,) and of *Thorn* v. *Badger,* (8 *Idem,* 130,) dispose of the objection that the alias executions had not been returned at the time of filing this supplemental bill. The issuing of a second execution upon a judgment, after the first has been issued to the proper county and returned unsatisfied, does not render it necessary for the judgment creditor to wait until the return of such new execution unsatisfied, before he can file his bill to reach the defendant's property not liable to

Thomas v. McEwen.

execution. To prevent the right of the creditor to proceed in this court, upon the return of the first execution merely, while an alias fieri facias is in the hands of the sheriff, it must distinctly appear that the sheriff has levied, or at least that he can levy, upon sufficient property, under the execution in his hands, to satisfy the whole of the complainant's debt. And if that fact does not appear upon the face of the bill itself, the defendant must bring it forward by plea or answer. The fact that alias executions have been issued and are still in the hands of the sheriff, upon these judgments, of course forms no good objection to this supplemental bill.

Nor is the objection of multifariousness sustainable. It is true the original bill stated that McEwen had more property, at the time of the filing of that bill, than was sufficient to satisfy the amount due on that judgment. But it does not follow from that statement that there will be sufficient to pay the debt, together with the *costs* of the complainant upon the original bill. A part of the property acquired subsequently to the filing of that bill may therefore be necessary to pay the deficiency in the original suit. This forms such a connection between the original and the supplemental suits as to render it proper for the complainant to file a supplemental bill, instead of proceeding by a new original bill, to obtain satisfaction of the second judgment, as well as of the balance of the debt and costs in the first suit. On the other hand, if the property in controversy in the first suit should be more than sufficient to satisfy the amount of the first judgment, and the costs in the original suit, a part of such surplus may be required to pay the second judgment and the costs of the supplemental suit. The original and the supplemental suits are therefore properly united, as to all the defendants; to save a double litigation between the complainant and those defendants in separate suits as to the property in controversy, which is claimed to have belonged to the judgment debtor, or rather to his creditors, as against the fraudulent assignees thereof, at the time when the original bill was filed.

The vice chancellor was also right in supposing that the 189th rule was not intended to apply to the case of a supple-

mental bill, like the present. The necessary averments, as required by that rule, having been inserted in the original bill, that is sufficient for all the purposes which led to the adoption of that rule. And, independent of the requirements of that rule, if it does not appear upon the face of the bill itself that the amount of the property in controversy in the suit does not exceed one hundred dollars, the defendant can neither demur, nor move to dismiss the bill, upon the ground that the subject matter of the suit is beneath the dignity of the court. The proper remedy, in cases coming within the statute, (2 *R. S.* 173, § 37,) and where the value of the matter in controversy does not appear upon the face of the bill, is to raise the objection by plea or answer; or the defendant may insist upon that objection at the hearing when the fact appears, either upon the pleadings or the proofs, that the matter in controversy does not exceed one hundred dollars.

The order appealed from is not erroneous. It must therefore be affirmed, with costs.